UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALEXCIS HACKNER, | : | |
| *Plaintiff*, | : | CASE NO.: |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| EXPERIAN INFORMATION | : | |
| SOLUTIONS, INC. and TRANS UNION | : | |
| LLC, | : | |
| *Defendants*. | : | October 16, 2019 |
| _____ | : | |

## COMPLAINT

Plaintiff, ALEXCIS HACKNER (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendants, EXPERIAN INFORMATION SOLUTIONS, INC (hereinafter "Experian") and TRANS UNION LLC (hereinafter "Trans Union" (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## PRELIMINARY STATEMENT

1.      This is an action for actual damages, statutory damages, punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC ("Equifax"), Trans Union LLC ("Trans Union") and Experian Information Solutions, LLC ("Experian").

3.      Consumer reporting agencies that create consumer reports, like Equifax, Experian and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot

1

information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.     The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.     The Plaintiff is a natural person and resident of the State of Connecticut. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8.     Upon information and belief, Experian, is a corporation headquartered in the State of California located at 475 Anton Boulevard, Costa Mesa, CA 92626.

9.     Experian is a "consumer reporting agency," as defined in 15 USC § 1681a(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

10.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

11.     Under information and belief, Trans Union, is a corporation headquartered in Illinois, located at 555 W. Adams St., Chicago, IL 60661.

2

12.     Trans Union is a "consumer reporting agency," as defined in 15 USC § 1681a(f).

13.     Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

14.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

15.     Plaintiff is a natural person who is alleged to owe a debt.

16.     On or about May 7, 2019, Plaintiff obtained a credit report from Trans Union where Trans Union listed both hers and her sister's name and indicated demographics from both of them. Within the report, there were numerous erroneous reporting from accounts that did not belong to the Plaintiff. The report also demonstrated that Plaintiff's mixed credit report had been published to roughly twenty (20) entities for regular inquiries and promotional inquiries.

17.     In addition to the demographic errors listed above, Plaintiff's Trans Union credit report also listed erroneous reporting of some accounts that were not Plaintiff's. There is one (1) BCI Financial account, one (1) Citicards CBNA account, one (1) Kohls Department Store account, one (1) SYNCB/Care Credit account.

18.     The next three accounts on Plaintiff's Trans Union report are supposed to be showing on Plaintiff's credit report as an authorized user, not individual ownership. Those accounts are one (1) Capital One account, one (1) Comenity Bank/VCTRSSEC account and one (1) Discover Fincl Svs, LLC account.

19.     In or about August of 2019, Plaintiff disputed to Trans Union the erroneous reporting of one (1) BCI Financial account, one (1) Citicards CBNA account, one (1) Kohls Department Store account, one (1) SYNCB/Care Credit account, one (1) Capital One account,

one (1) Comenity Bank/VCTRSSEC account and one (1) Discover Fincl Svs, LLC account to Trans Union. Plaintiff indicated in her dispute letter to Trans Union that she was the victim of a mixed file.

20.     In Plaintiff's August 2019 dispute letter to Trans Union, Plaintiff provided Trans Union with not only her sister's cellular telephone number to confirm this, but also a copy of her and her sister's social security card and driver's license to prove they are two different individuals with different social security numbers.

21.     On or about May 7, 2019, Plaintiff obtained a credit report from Experian where Experian included both hers and her sister's name and indicated demographics from both of them. Within the report, there were numerous erroneous reporting from accounts that did not belong to the Plaintiff. The report also demonstrated that Plaintiff's mixed credit report had been published to roughly five (5) other entities for regular inquires and promotional inquires.

22.     In addition to the demographic errors listed above, Plaintiff's Experian credit report also listed erroneous reporting of one (1) Capital One account, one (1) ADT/Comenity Bank/VCTRSSEC account and one (1) Discover Fincl Svs, LLC account. These accounts should show Plaintiff as an authorized user, not as individual ownership.

23.     In or about August of 2019, Plaintiff disputed to Experian the erroneous reporting of one (1) Capital One account, one (1) ADT/Comenity Bank/VCTRSSEC account and one (1) Discover Fincl Svs, LLC account to Experian. Plaintiff indicated in her dispute letter to Experian that she was the victim of a mixed file.

24.     In Plaintiff's August 2019 dispute letter to Experian, Plaintiff provided Experian with not only her sister's cellular telephone number to confirm this, but also a copy of her and her sister's social security card and driver's license to prove they are two different individuals with different social security numbers.

25.     Over the last two years, Defendants possessed enough information to easily ascertain that Plaintiff's accounts were being mixed with her twin sisters.

26.     Defendants failed to use reasonable procedures designed to ensure the maximum possible accuracy of the information they report and willfully chose to continue publishing false representations on Plaintiff's credit reports.

27.     The false accounts on Plaintiff's credit report have resulted in her being unable to obtain a satisfactory credit resulting in her having to live at her parents' family home.

28.     Plaintiff has been recently abstaining from applying for credit because the erroneous reporting is destroying her ability to get credit.

29.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

      i.      Stress associated with poor credit;

      ii.     Monies lost by attempting to fix her credit;

      iii.    Loss of time attempting to cure the error;

      iv.     Mental anguish, stress, aggravation, embarrassment, marital discord and other related impairments to the enjoyment of life.

      v.      Denial of credit line increases and denials of credit cards.

30.     All conditions precedent to the filing of this action have occurred.

## CAUSES OF ACTION

### COUNT I
### (Violation of the FCRA - As to Defendant Trans Union LLC)

31.     The Plaintiff re-alleges and incorporates paragraphs one (1) through thirty (30) as if fully set out herein.

32.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff. Trans Union has maintained and continues to maintain a file that it should know involves two different people. Trans Union has on several occasions over the past two years published the erroneous information to different entities. Trans Union should have easily determined that Plaintiff's report included the demographics of two different people.

33.     As a result of this conduct, action and inaction of Trans Union, the Plaintiff suffered damage by stress associated with poor credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

34.     Trans Union's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o. Trans Union failed to properly conduct any independent investigation regarding the erroneous reporting.

35.     The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, TRANS UNION LLC for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

<u>**COUNT II**</u>
**(Violation of the FCRA - As to Defendant Experian Information Solutions, Inc.)**

36.   The Plaintiff re-alleges and incorporates paragraphs one (1) through thirty (30) as if fully set out herein.

37.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff. Experian has maintained, until recently, a file that it should know involves two different people. On several occasions over the past two years, Experian should have known that the credit report involved two individuals but continues to publish erroneous reports to different entities.

38.   As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by stress associated with poor credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

39.   Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o. Experian failed to properly conduct any independent investigation regarding the erroneous reporting.

40.     The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

**DATED** this 16th day of October, 2019.

*Respectfully submitted,*

*/s/*     **Bruce D. Jacobs**
Bruce D. Jacobs, Esquire
Federal Bar No. ct12191
Jacobs & Jacobs, LLC
700 State Street; 3rd Floor
New Haven, CT 06511
Telephone: (203) 777-2300
Facsimile:  (203) 773-8075
Primary Email: bjacobs@jacobs-jacobs.com
*Attorney for Plaintiff*

*and*

*/s/ Octavio Gomez*
Octavio Gomez, Esquire
Florida Bar No.: 0338620
*Motion to Practice Pro Hac Vice Forthcoming*
Morgan & Morgan, Tampa, P.A.
201 North Franklin Street, Suite 700
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4797
Primary Email: TGomez@ForThePeople.com
Secondary: LDobbins@ForThePeople.com
*Attorney for Plaintiff*

October 16, 2019

8